809 So.2d 19 (2002)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
ENTERPRISING PROFESSIONAL INVESTMENT COMPANY, Appellee.
No. 2D01-160.
District Court of Appeal of Florida, Second District.
January 25, 2002.
Rehearing Denied March 8, 2002.
*20 Pamela S. Leslie, General Counsel, and Richard A. Weis, Assistant General Counsel, Tallahassee, for Appellant.
George N. Meros, Jr., Mark N. Miller, and Lori S. Rowe of Gray, Harris & Robinson, P.A., Tallahassee, for Appellee.
FULMER, Judge.
The Department of Transportation appeals from the award of litigation costs and an expert appraiser's fee to Enterprising Professional Investment Company (EPIC) in an eminent domain proceeding. We reverse because, in determining EPIC's entitlement to costs, the trial court failed to properly apply section 73.032(5), Florida Statutes (1999).[1]
On February 11, 2000, a final judgment was entered that incorporated a jury verdict awarding EPIC $65,000 for the value of land taken and severance damages. The final judgment also reserved jurisdiction to award fees, costs, and interest to be determined by the trial court at a later hearing.
Four months after entry of the final judgment, EPIC filed a Motion to Tax Fees and Costs seeking an expert appraiser's fee and litigation costs incurred. At the hearing on EPIC's Motion to Tax Fees and Costs, counsel for both parties confirmed, upon questioning by the trial judge, that the final judgment award was less than the amount of an offer of judgment made by the Department. The Department argued that because the final judgment award was less than the offer of judgment, EPIC was precluded, under section 73.032(5), Florida Statutes (1999), from recovering any fees or costs incurred after rejection of the offer of judgment. EPIC objected to any reference to the offer of judgment, arguing that the Department had not timely filed a motion for sanctions under Florida Rule of Civil Procedure 1.442(g).[2] The Department responded *21 that it was not seeking sanctions as contemplated by the rule.
The trial judge sustained EPIC's objection and ruled that the nonpayment of fees and costs is a sanction, that the Department had not made a timely motion for sanctions pursuant to rule 1.442(g), and, thus, the offer of judgment would not be considered. The Department then sought, unsuccessfully, to state an ore tenus motion for sanctions. The trial court informed counsel for the Department that it would not entertain any ore tenus motions, but that the Department could file the motion later. Upon conclusion of the testimony related to the incurring and reasonableness of the expert fees and litigation costs, the Department renewed its objection.
Five days after the hearing, the Department filed a written renewed motion for sanctions, although the Department continued to assert that it was not seeking sanctions as contemplated by rule 1.442(g). At the conclusion of the hearing on this motion, the trial court announced its ruling:
[A]s far as the issue before me today, the Court finds thatthat a motion pursuant to Florida Rule of Civil Procedure 1.442(g) is necessary in this case because denying costs in this case is a sanction as covered by the applicable Florida law, that is Chapter 73, and as applicable and incorporated in rule 1.442(a). And therefore, the motion to deny those fees is a sanction, which was notthe motion was not served in this case.
Now, the Court further finds that the motion for such sanction was untimely since it was not served prior to the hearing and decision of the Court. The Court is within its sound discretion to refuse to accept an ore tenus motion during such hearing.
And lastly, the Court finds that there is no evidence of record indicating excusable neglect on behalf of [the Department's] counsel.
And therefore, the motion ... is denied.
In a written order denying the renewed motion for sanctions, the trial court stated that "sanctions are not imposed in accordance with the provisions of Rule 1.442 or section 73.032, Florida Statutes." The court then entered its order awarding EPIC both litigation costs and an expert appraiser's fee.
On appeal, the Department asserts that the trial court erred in refusing to consider the offer of judgment because section 73.032(5) divested the court of any discretion to award costs incurred after the rejection of the offer of judgment. EPIC responds that application of section 73.032(5) constitutes a sanction that must be invoked by the timely filing of a motion pursuant to rule 1.442(g), which the Department failed to do. Thus, the question raised by this appeal is whether section 73.032(5) constitutes a sanction, the imposition of which is controlled by the procedural requirements of rule 1.442(g).
We hold that section 73.032(5) is not a sanction as that term is used in rule 1.442. Rather, it is a substantive legislative enactment that prohibits the award of certain fees and costs in eminent domain proceedings where the judgment obtained is equal to or less than a rejected offer of judgment. Furthermore, its application need not be invoked by the filing of any motion. Therefore, the trial court erred as a matter of law in granting EPIC's motion for expert fees and costs without a determination *22 as to whether any of those costs were prohibited by section 73.032(5).
We reverse and remand for the trial court to reconsider EPIC's motion for costs in accordance with this opinion.
Reversed and remanded.
GREEN and SILBERMAN, JJ., Concur.
NOTES
[1] This section provides:

If a defendant does not accept the offer of judgment made by the petitioner and the judgment obtained by the defendant, exclusive of any interest accumulated after the offer of judgment was initially made, is equal to or less than such offer, then the court shall not award any costs incurred by the defendant after the date the offer of judgment was rejected.
[2] Rule 1.442 governs proposals for settlements. In the 2000 version of the rule, subsection (g) provided:

Sanctions. Any party seeking sanctions pursuant to applicable Florida law, based on the failure of the proposal's recipient to accept a proposal, shall do so by service of an appropriate motion within 30 days after the entry of the judgment in a nonjury action, the return of the verdict in a jury action, or the entry of a voluntary or involuntary dismissal.